# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SWITCH PROJECT, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> GUANGZHOUYIMOJUSHANGMAOYOUXIANGONGSI; and DOES 1-10, inclusive <br><br> Defendants. | Case No. 25-cv-2305 <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff SWITCH PROJECT, LLC ("Switch Project" or "Plaintiff"), by and through its attorneys, makes and files this Complaint against Defendant Guangzhouyimojushangmaoyouxiangongsi ("Defendant"). In support of this Complaint, Plaintiff alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271, et seq, specifically, Defendant's infringement of United States Patent No. 11,678,471 ("the '471 Patent"), titled EMF SHIELDING MATERIAL FOR AN ELECTRONIC DEVICE, which is owned by Plaintiff.

## THE PARTIES

2. Plaintiff Switch Project, LLC is a California limited liability company with a principal place of business at 23371 Mulholland Drive, # 216, Woodland Hills, California 91364.

3. Upon information and belief, Defendant Guangzhouyimojushangmaoyouxiangongsi is a Chinese business entity with a principal place of

business at Room 303, No. 10 Houyuan Street, Hebian, Baiyun District, Guangzhou, China, Phone Number 1(782)387-4180, email address bhkx9s@163.com.

4. Plaintiff is ignorant of the true names and capacities of the parties sued herein as DOES 1 through 10, inclusive, whether individual, corporate or otherwise, and therefore sues these defendants by such fictitious names. If applicable, Plaintiff will seek leave to amend the complaint to assert their true names and capacities when they have been ascertained. Plaintiff is informed and believes and based thereon alleges that all defendants sued herein as DOES 1 through 10 are in some manner responsible for the acts and omissions alleged herein.

## JURISDICTION AND VENUE

5. This Court has original and exclusive subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim of patent infringement, arises under the laws of the United States, including 35 U.S.C. § 271.

6. This Court has personal jurisdiction over Defendant because Defendant has a continuous, systematic and substantial presence in this District, because it regularly conducts business and/or solicits business within this District, because it has committed and continues to commit patent infringement in this District, including without limitation by selling, offering for sale, and/or using infringing products in this District and by purposefully directing activities at residents of this District, by Defendants placing infringing products into the stream of commerce with the knowledge that such products would be sold and used in California and this District, all of which acts form a substantial part of the events giving rise to Plaintiff's claims.

7. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400 because Defendant does business, has infringed, and continues to infringe United States Patent No. 11,678,471 ("the '471 Patent" or the "Patent-in-Suit") within this District, and this action arises from transactions of that business and that infringement.

## FACTUAL BACKGROUND

8. On June 13, 2023, United States Patent No. 11,678,471 B2, entitled EMF SHIELDING MATERIAL FOR AN ELECTRONIC DEVICE, was duly and legally issued to Ben Salem as inventor. A true and correct copy of the '471 Patent is attached hereto as Exhibit A and incorporated herein by reference.

9. This patent application is a continuation-in-part patent application of co-pending U.S. patent application Ser. No. 16/823,696, filed Mar. 19, 2020, and entitled "HEADPHONES WITH EMF SHIELDING MATERIAL," which is a continuation-in-part patent application of co-pending U.S. patent application Ser. No. 16/741,550, filed Jan. 13, 2020, and entitled "WRISTBAND CONTROLLER," which claims priority under 35 U.S.C. 119(e) of the U.S. provisional patent applications, Application No. 62/792,280, filed on Jan. 14, 2019, and entitled "WRISTBAND CONTROLLER," and Application No. 62/885,737, filed on Aug. 12, 2019, and entitled "WRISTBAND CONTROLLER," which are all hereby incorporated by reference in their entirety.

10. Plaintiff owns the '471 Patent by way of assignment.

11. The '471 Patent discloses an electromagnetic magnetic shielding material is used deflect electronic and electromagnetic radiation away from an electronic device. In this manner, the electromagnetic shielding material deflects the electronic and electromagnetic radiation from a user of the device to protect the user from any electronic and electromagnetic radiation produced by the electronic device. Additionally, because the electronic and electromagnetic radiation is deflected away from the user, rather than absorbed, a user is able to safely use the electronic device with less or no exposure to electronic and electromagnetic radiation.

12. Plaintiff is also the owner of additional patents in this field, including U.S. Patent No. 12,133,371 ("the '371 Patent), titled EMF Shield, and U.S. Patent No. 11,412,645 ("the '645 Patent"), titled EMF Shield for an Electronic Device.

13. Defendant is and has been making, using, selling, offering for sale, and/or exporting products that infringe the Patents-in-Suit, including without limitation, the "Blocker Stickers for AirPods" (the "Accused Product"). The Accused Product may be purchased online at various websites such as www.amazon.com, and can be found using, without limitation, the following links:

- https://www.amazon.com/Neutralize-Protection-Bluetooth-Headphones-Electronic/dp/B0DKD1BN5V/
- https://www.amazon.com/Neutralize-Protection-Bluetooth-Headphones-Electronic/dp/B0DKCZ3P96/
- https://www.amazon.com/Neutralize-Protection-Bluetooth-Headphones-Electronic/dp/B0DJFFJXMP/
- https://www.amazon.com/Neutralize-Protection-Bluetooth-Headphones-Electronic/dp/B0DJFH69JG/

- https://www.amazon.com/Neutralize-Protection-Bluetooth-Headphones-Electronic/dp/B0DSB79BC5/
- https://www.amazon.com/Neutralize-Protection-Bluetooth-Headphones-Electronic/dp/B0DKCZVHM4/
- https://www.amazon.com/Neutralize-Protection-Bluetooth-Headphones-Electronic/dp/B0DK4J4Y41/
- https://www.amazon.com/Neutralize-Protection-Bluetooth-Headphones-Electronic/dp/B0DKCZYT42/

14. True and accurate copies of the Accused Product listings are set forth and attached hereto as Exhibit B.

## FIRST CLAIM FOR RELIEF

### (Infringement of the '471 Patent)

15. Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs of this Complaint as though fully set forth herein.

16. Defendant has infringed and continues to infringe, contribute to infringement, and/or induces infringement of the '471 Patent, either literally or under the doctrine of equivalents. Defendant's infringing activities in the United States and this District include, among other things, making, using, importing, exporting, selling, and/or offering to sell methods and/or systems, including, but not limited to the Accused Product, which infringe at least Claim 5 of the '471 Patent as indicated in the attached claim chart, Exhibit C, incorporated herein.

17. This Exhibit C infringement chart is based on Plaintiff's current understanding of the Accused Product, which only considers publicly available information. The chart does not set forth all of Plaintiff's infringement theories – the Accused Product embodies other claims set forth in the '471 Patent.

18. Plaintiff reserves the right to amend or supplement its infringement theories upon more information becoming available through formal discovery and/or this Court completing its claim construction proceedings. Plaintiff will serve a Disclosure of Asserted Claims and Infringement Contentions (that may alter and/or supplement the infringement chart submitted herewith).

19. Defendant, and/or those acting in concert with Defendant, contributed to the infringement of the '471 Patent, by having its direct and indirect customers such as Amazon sell, offer for sale, use, and/or import into the United States and this District, and placing into the stream

of commerce, the Accused Product, and having the specific intention to induce those direct and indirect customers to infringe at least Claim 5 of the '471 Patent by instructing and promoting the use of the Accused Product.

20. The Accused Product includes the technology disclosed in the '471 Patent, and thus infringes the '471 Patent, and have no substantially non-infringing uses.

21. Defendant, and/or those acting in concert with Defendant, has intentionally induced infringement of the '471 Patent, by having its direct and indirect customers sell, offer for sale, use, and/or import into the United States and this Judicial District, and placing into the stream of commerce, the Accused Product.

22. Upon information and belief, Defendant has generated significant sales of products incorporating the Plaintiff's technology, exposing Defendant to significant liability for its infringement of the '471 Patent.

23. Upon information and belief, unless enjoined, Defendant, and/or others acting on behalf of Defendant, will continue its infringing acts, thereby causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

24. As a result of Defendant's infringement of the '471 Patent, Plaintiff has suffered and will continue to suffer harm and injury, including monetary damages in an amount to be determined at trial, and is entitled to recovery of all said damages.

25. Plaintiff is informed and believes, and on that basis alleges, that the infringement by Defendant is willful, wanton, and deliberate, without license and with full knowledge of the '471 Patent, thereby making this an exceptional case entitling Plaintiff to attorneys' fees and enhanced damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for entry of judgment in its favor and against Defendant as follows:

(a) Judgment that Defendant has directly infringed, and induced others to infringe, the '471 Patent, either literally and/or under the doctrine of equivalents;

(b) A permanent injunction under 35 U.S.C. § 283 enjoining Defendant, its officers, directors, agents, servants, resellers, retailers, employees and attorneys, and those persons acting

in concert or participation with them, from infringing the '471 Patent in violation of 35 U.S.C. § 271;

  (c) An award to Plaintiff of its lost profits and/or a reasonably royalty for Defendant's sales of the Accused Product;

  (d) An award to Plaintiff for pre-judgment and post-judgment interest;

  (e) Judgment awarding Plaintiff all of its costs, including its attorneys' fees, incurred in prosecuting this action, including, without limitation, pursuant to 35 U.S.C. § 285 and other applicable law; and

  (f) For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

Dated: March 5, 2025  By: /s/ *Alan W. Nicgorski*
    Alan W. Nicgorski
    ARDC No. 6243574
    HANSEN REYNOLDS LLC
    150 S. Wacker Dr., 24th Floor
    Chicago, Illinois 60606
    Telephone: (312) 265-2253
    anicgorski@hansenreynolds.com

    Cody R. LeJeune (pro hac vice application forthcoming)
    LEJEUNE LAW, PC
    402 W. Broadway
    Suite 400
    San Diego, California 92101
    Telephone: (985) 713-4964

    *Attorney for Plaintiff,*
    *Project Switch, LLC*